UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DEMARIAN A. CLEMONS,

Plaintiff,

v.

WARDEN GENTRY, *et al.*,

Defendants.

Case No. 2:17-cv-01159-MMD-VCF

ORDER

## I. DISCUSSION

Plaintiff is a prisoner proceeding *pro se.* Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* and a motion for appointment of counsel. (ECF No. 1, 1-1, 1-2.) However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis*

---

[1] *See Clemons v. Bloomsfield*, 2:09-cv-01863-RCJ-PAL; *Clemons v. Williams, et al.*, 2:15-cv-00220-JCM-PAL (both dismissed for failure to state a claim); and *Clemons v. Williams, et al.*, 2:14-cv-02195-APG-NJK (dismissed as *Heck* barred). *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (holding that a *Heck* dismissal may constitute a strike when the case is dismissed in its entirety under *Heck*). The Court takes judicial notice of its prior records in the above matters.

and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Plaintiff challenges the NDOC's policy prohibiting disabled inmates from working and earning work credits and the lack of programming for inmates. (*See generally* ECF No. 1-1.) The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days from the date of this order.

It is further ordered that the Clerk of the Court send Plaintiff two copies of this order. Plaintiff must make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court retains the complaint (ECF No. 1-1).

It is further ordered that a decision on the motion for appointment of counsel (ECF No. 1-2) is deferred until the matter of the filing fee is resolved.

DATED THIS 25th day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE